1  Maura Walsh Ochoa (SBN 193799)
   mochoa@ghlaw-llp.com
2  Todd C. Harshman (SBN 240942)
   tharshman@ghlaw-llp.com
3  GROTEFELD HOFFMANN
   655 Montgomery Street, Suite 1220
4  San Francisco, California 94111
   Telephone: 415.344.9670
5  Facsimile: 415.989.2802

6  Attorneys for Plaintiff
   LEXINGTON INSURANCE COMPANY
7
   Thomas R. Beer (SBN 148175)
8  tbeer@mail.hinshawlaw.com
   Peter J. Felsenfeld (SBN 260433)
9  pfelsenfeld@mail.hinshawlaw.com
   HINSHAW & CULBERTSON LLP
10 One California Street, 18th Floor
   San Francisco, CA 94111
11 Telephone:    415-362-6000
   Facsimile:    415-834-9070
12
   Attorneys for Defendants
13 GD MIDEA ENVIRONMENT APPLIANCES MFG. CO. and
   SMC MARKETING CORPORATION
14

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17               **SAN FRANCISCO DIVISION**

18

19 LEXINGTON INSURANCE COMPANY,      ) Case No.: 14-cv-02081-VC
                                     )
20          Plaintiff,               )
                                     ) **JOINT CASE MANAGEMENT**
21 v.                                ) **STATEMENT & [~~PROPOSED~~] ORDER**
                                     ) DENYING REQUEST TO CONTINUE THE CMC
22 SMC MARKETING CORPORATION;        )
   CHINA OVERSEAS GRAND OCEANS       )
23 GROUP LIMITED; GD MIDEA           )
   ENVIRONMENT APPLIANCES MFG. CO.,  )
24 LTD.; and DOES 1 through 25, inclusive, )
                                     )
25          Defendants.              )
                                     )
26 _____ )

27      LEXINGTON INSURANCE COMPANY, GD MIDEA ENVIRONMENT

28 APPLIANCES MFG. CO. and SMC MARKETING CORPORATION jointly submit this JOINT

   CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to this Court's Order

                                   1

1   re Initial Case Management Conference dated January 16, 2015, the Standing Order for All

2   Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

3        As the Court is aware, service under the Hague Convention is still outstanding as to

4   Defendant CHINA OVERSEAS GRAND OCEANS GROUP LIMITED, but Plaintiff hopes that

5   the Central Authority will effect service within the next three months. Accordingly, the parties

6   submit two proposed orders, one in accordance with the following, and one continuing the CMC

7   until November 3, 2015, which would make the parties' joint statement due the same date as

8   their stipulation to ADR, on October 27, 2015.

9

10   1.   Jurisdiction & Service

11        This action was removed from California state court by Defendant GD MIDEA

12   ENVIRONMENT APPLIANCES MFG. CO. The parties stipulate that this Court has subject

13   matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441, and that the Court

14   has personal jurisdiction over Defendants. The parties further stipulate that venue is proper in

15   this District pursuant to 28 U.S.C. § 1391(b).

16        Defendant SMC MARKETING CORPORATION has been served and has appeared.

17   Defendant CHINA OVERSEAS GRAND OCEANS GROUP LIMITED, a Chinese corporation

18   located in Hong Kong, is presently being served under the Hague Convention. Plaintiff has been

19   contacted by counsel representing China Overseas Grand Oceans Group Limited but has yet to

20   receive confirmation from the Central Authority. Plaintiff proposes that this service under the

21   Hague Convention will be complete by October 31, 2015.

22   2.   Facts

23   Plaintiff's Statement

24        Plaintiff Lexington Insurance Company ("Lexington") is the property insurer for CA,

25   Inc., a company located in Redwood City. On April 13, 2011, a fire broke out in CA, Inc.'s

26   server room. The fire was determined to originate in a fan manufactured by a Chinese company,

27   Defendant GD Midea. The fan was distributed by and carried the label of another Chinese

28   corporation, Shell Electric Mfg. Co. Ltd., now doing business as Defendant China Overseas

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDERS

Grand Oceans Group Limited. Defendant SMC Marketing Corporation is believed to be this company's United States presence.

All parties were invited to examination of the fan and an exemplar also in use in CA, Inc.'s server room. Plaintiff's examination determined that the fan's motor overheated, causing the fire.

Plaintiff's insured suffered damages to its computer equipment, as well as fire, soot, smoke, and water damage to its building, for which Lexington paid under CA, Inc.'s insurance policy. Lexington is subrogated to its insured's claims to the extent of those payments, which total $706,954.92.

Plaintiff anticipates the following factual issues will need to be resolved:

1. Did the subject fan contain a manufacturing defect?

2. Did the subject fan's manufacturing defect cause the fire?

3. Did the subject fan contain a design defect in that it did not incorporate safety features such as thermal cut-off devices to prevent overheating and fire?

4. What is the proper amount of damages resulting from the fire?

Defendant's Statement

Defendants GD Environment Appliances Mfg. Co. ("GD Midea") and SMC Marketing Corporation ("SMC") had not yet been served when the subject fan that allegedly caused the underlying loss was inspected.  Defendants GD Midea and SMC are presently analyzing evidence from the inspection and reserves the right to amend its response as discovery progresses.

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff anticipates the following legal issues will need to be resolved:

1. Whether the manufacturer was negligent in the manufacture of the fan?

2. Whether the manufacturer was negligent in the design of the fan?

3. Whether the manufacturer's negligence was the legal cause of the fire?

3

    4.   Whether a manufacturing defect was the legal cause of the fire?

Defendant anticipates the following legal issues will need to be resolved:

    1.   Whether it was in the "chain of commerce" for the product at issue;

    2.   Whether the subject product was defective;

    3.   Whether Defendant GD Midea was the legal cause of the underlying loss;

    4.   Whether Plaintiff misused or altered the subject product.

## 4.  Motions

Plaintiff anticipates filing dispositive or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove a defense or disprove Plaintiff's case, and *motions in limine* to narrow the issues for trial.

Defendants GD Midea and SMC anticipate similar motion practice as Plaintiff.

## 5.  Amendment of Pleadings

No parties, claims, or defenses are expected to be added or dismissed at this point. However, in an abundance of caution, the parties suggest the following deadlines: The cutoff dates for filing a motion to amend pleadings are:

    Plaintiff      September 15, 2015

    Defendant(s)   September 15, 2015

The cutoff dates for filing a motion to join additional parties are:

    Plaintiff      September 15, 2015

    Defendant(s)   September 15, 2015

## 6.  Evidence Preservation

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

At this stage in the litigation, the parties do not anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

7. <u>Disclosures</u>

      The parties will exchange by October 30, 2015 the initial disclosures required by Rule 26(a)(1).

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

      Plaintiff Lexington has informally provided Defendants GD Midea and SMC with its expert report, photographs, and damage documents. Plaintiff has propounded written discovery on GD Midea with responses due on September 17, 2015. Plaintiff anticipates propounding discover on SMC once service is completed and SMC appears. No e-discovery issues are expected to arise. Discovery is necessary on the following subjects:

      <u>Plaintiff</u>

      The manufacture and design of the subject fan, the history of fires associated with the subject fan, the failure mode of the subject fan, facts, documents, and witnesses supporting asserted defenses. Discovery need not be conducted in phases or limited to particular issues.

      <u>Defendant</u>

      Expert discovery is already underway and may make some aspects of fact discovery unnecessary.  Defendants GD Midea and SMC generally agree with Plaintiff's proposed scope of discovery.

The following discovery methods will be used:

      Oral Exam Depositions

            Plaintiffs    <u>10</u>

            Defendants    <u>10</u>

            Maximum no. hrs. per deposition  <u> 7  </u>  (unless extended by agreement)

      Interrogatories <u>25</u>

      Admissions <u>25</u> (exclusive of genuineness of documents requests)

Requests for Production of Documents <u>50</u>

The parties having agreed to a clawback agreement, and good cause appearing therefore, the Court hereby orders as follows:

i.  For purposes of this Clawback Agreement, an "Inadvertently Produced Document" is a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

ii.  Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

iii.  A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

iv.  Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

v.  The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an in camera review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

9.  <u>Class Actions</u>

Not applicable.

10.  <u>Related Cases</u>

Not applicable.

11.  <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages*

*sought and a description of the bases on which damages are calculated. In addition, any party*

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDERS

*from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks:

1. Actual damages to the real and business personal property of Plaintiff's insured as a result of the fire in the amount of $706,954.92.

2. Prejudgment interest pursuant to California Civil Code § 3287. Prejudgment interest should be awarded at 7% per annum since the date of the fire on April 13, 2011, since Plaintiff's damages are certain. See California Constitution, Article 15, section 1; and *Children's Hospital and Medical Center v. Bonta*, (2002) 97 Cal.App.4th 740, 775.

3. Postjudgment interest pursuant to California Code of Civil Procedure § 685.010-.020. Postjudgment interest should be awarded at 10% per annum from the date of entry of judgment. *Id*.

4. An award of costs of suit.

Defendant seeks:

1. Defendants GD Midea and SMC are presently not in a position to respond but reserve the right to amend their response in the event discovery determines that Defendants GD Midea and SMC are entitled to relief.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties expect to stipulate to mediation pursuant to ADR L.R. 6, but await the appearance of the remaining Chinese defendant. The mediation completion date will be addressed in the parties' ADR stipulation.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   ___ YES    _X_ NO

7

1    Defendants GD Midea and SMC do not consent to a magistrate judge.

2    14.  Other References

3    *Whether the case is suitable for reference to binding arbitration, a special master, or the*

4    *Judicial Panel on Multidistrict Litigation.*

5    Not applicable.

6    15.  Narrowing of Issues

7    *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation*

8    *of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate*

9    *issues, claims, or defenses.*

10    Plaintiff believes that the parties may be able to stipulate to factual issues regarding the

11    manufacture and distribution of the subject fan and to the amount paid by Lexington to its

12    insured. At this point, however, discovery has not yet commenced and is thus not mature enough

13    to state for certain what issues may be narrowed.

14    Defendants GD Midea and SMC are presently not in a position to respond or agree to a

15    narrowing of issues.  GD Midea and SMC reserve the right to amend their response as discovery

16    progresses.

17    Suggestions to expedite the presentation of evidence at trial, or whether bifurcation of

18    issues, claims, or defenses are appropriate, and the parties intend to address these issues as

19    discovery proceeds and the issues become clearer.

20    16.  Expedited Trial Procedure

21    *Whether this is the type of case that can be handled under the Expedited Trial Procedure of*

22    *General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an*

23    *executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in*

24    *accordance with General Order No. 64, Attachments B and D.*

25    The parties do not believe that this case is appropriate for an expedited schedule or

26    streamlined procedures.

27

28

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDERS

17. <u>Scheduling</u>

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose the following schedule:

Last day to file written discovery and standard motions to compel:  April 29, 2016

Close of fact discovery:                              May 13, 2016

Reports from experts under Rule 26(a)(2) will be submitted on:

Parties bearing burden of proof:    May 31, 2016

Response:                              June 21, 2016

Expert Discovery cutoff:                          July 19, 2016

Deadline for filing dispositive or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case: August 19, 2016

Pretrial conference:                          September 30, 2016

Trial:                                        October 31, 2016

18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Jury trial, 3 to 5 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Each party has filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. Plaintiff Lexington Insurance Company is a direct, wholly-owned (100%) subsidiary of AIG Property Casualty U.S., Inc., which is a wholly-owned (100%) subsidiary of AIG Property Casualty, Inc., which is a wholly-owned (100%) subsidiary for American International Group, Inc., which is a publicly-held corporation.  No parent entity or publically held entity owns 10% or more of the stock of American International Group, Inc. No other such entities or persons have been identified save the parties to this lawsuit.

9

20.  Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None at this time

Dated: August 18, 2015                              **GROTEFELD HOFFMANN**

                                                    */s/ Todd Harshman_____*

                                                    TODD HARSHMAN
                                                    655 Montgomery Street, Suite 1220
                                                    San Francisco, CA 94111
                                                    tharshman@ghlaw-llp.com
                                                    Attorneys for Plaintiff LEXINGTON

Dated: August 18, 2015                              **HINSHAW & CULBERTSON LLP**

                                                    */s/ Thomas R. Beer*

                                                    THOMAS R. BEER
                                                    One California Street, 18th Floor
                                                    San Francisco, California 94111
                                                    tbeer@mail.hinshawlaw.com
                                                    Attorneys for Defendant GD MIDEA and
                                                    SMC MARKETING CORPORATION

[SECOND PROPOSED] CASE MANAGEMENT ORDER

The Initial Case Management Conference is continued from August 25, 2015 until

☐          November 3, 2015, with the parties' joint Rule 26(f) report due October 27, 2015;
           or

☐          _____, with the parties' joint Rule 26(f) report due
           _____.

IT IS SO ORDERED.

Dated:  August 21, 2015

_____

UNITED                              GISTRATE

DENIED

Judge Vince Chhabria

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDERS